Our final case for today is United States v. Cates. Mr. Albee. May it please the court. Ms. Lemons claimed that Mr. Cates violently choked her, but the jury found her incredible on that point, rejected that testimony, and found him not guilty of causing any bodily injury. Bodily injury is defined very broadly. It includes any pain whatsoever or even a cut, a bruise, or an abrasion. Yet despite her claim that he had so forcefully choked her that her pain was a 10 on a scale of 10, the jury rejected that finding. The question here is whether the rejection of the claim of bodily injury also meant the jury rejected the government's claim that Mr. Cates used force. Under the full record and circumstances here, it does. When we apply Asch's command to view the entire record with practicality and realism and rationality, the only logical conclusion is that the jury rejected the claim of force as well as the claim of bodily injury when they made that finding. And because Mr. Cates has already run the gauntlet once on this issue, he can't be made to run it again by facing trial again on the issue of force. The government's argument here is that, well, maybe they rejected this claim that there was any injury or any pain whatsoever, but maybe they found that he touched her neck so lightly that it wasn't bodily injury, but yet there was force. First of all, that wasn't the theory presented at trial or the testimony of Ms. Lemons. But beyond that, such a light touching or grabbing would not constitute force under the definition used in this circuit. In both the Cates habeas appeal and in Boyles, the court said that force is the exertion of physical power to overcome a person's will to resist. What about the use of force to restrain someone? That is the Shaw and Archdale examples where you can use force to hold me up against a wall. That would be force, but I wouldn't be injured by that. I think the, well, let's look at Shaw, for example, where it says pushed on the chest to prevent her from getting up. I mean, I don't think it's the mere touching of the chest. You read between the lines there, the alleged victim in the jail cell was trying to get up and she was prevented from doing that. Here, all of Ms. Lemons' testimony is that she went along with this and engaged in sexual activity out of fear. I was bent over, over the sink. He was holding my head down towards the sink. This was written in 1962. Correct. She says, first of all, that she engaged in the sex because she was scared, not because he touched her. Sex, by its very nature, is a physical activity. There's going to be contact. There's going to be touching. There's going to potentially be maneuvering, moving of bodies. There's nothing in this record that shows that that touching of the neck wasn't incidental to the sex. She doesn't say at any point that that's what happened. At page 63, did you feel you could fight? It's no, I was scared. It's not no, he was holding me down or anything else. She's clear that she offered no resistance, either verbally or physically, so the mere fact that you engage in some touching or contact as part of the sexual episode doesn't make it the use of force. There's nothing that overcomes her will to resist because no effort to resist was made. I think to add to that, Judge Hamilton, in the original case, her claim that he caused her this great pain, that would have made out the force. But you take that away and look at what this case is without that because the jury has rejected that, and all we have is that she says, I agreed to the oral sex, then they moved on to the sink where he leans her over the sink and engages in intercourse. The fact that he touched her to logistically accomplish that isn't the overpowering of any will to resist or any physical power there. That's not what she describes when you get away from the pain. Similarly, I would say that the claim that he had her hair in his hands to put his penis further in the mouth, that also was incidental to the sex. Is incidental to the sex a defense here, to the use of force? When it's part of the sex as opposed to used to cause the person to engage or the use of physical power. Or to continue to engage. Is that a viable theory? Yes, because there's no overcoming of any will to resist there. That's something that could happen. Everything that's described could happen in an entirely consensual sexual activity. There's nothing about this that causes it to go to physical force or is overcoming her will to resist. I agree, not necessarily. Because of the way the jury was instructed, we've got a bit of a mess on our hands, but the question is whether a properly instructed jury could reach this conclusion, right? Well, on the collateral estoppel, the first question is what did the jury decide? I think by rejecting bodily injury, they're rejecting that claim that there's that kind of force that would have caused pain. So we're left with a touching of the neck that's not even substantial enough to cause pain. When we look at it that way and we look at that this is consistent with maneuvering and that she never says, I engaged in the intercourse because he was touching my neck or I was trying to resist but he was grabbing my neck, we don't have that. Force changes this to a crime with life in prison as being the maximum punishment. It's aggravated because it has to be aggravated conduct. And so we can't have it fall on a mere touching that's not even enough to cause pain, that's not used to overcome her will to resist. It has to be something more substantial than that, and that's just not shown here. And the jury's rejection of her claim to have been injured in the way she was says that it rejected the claim that he used force. Mr. Albee, you invite us to address in this appeal the question whether Officer Cates' uniform, badge, service revolver, service weapon, and so on were enough to support the aggravated sexual assault aggravator, right? I do, but frankly I think the stronger argument from our position is that there wasn't proof that he knowingly put her in that state of fear if she had it. I thought your position was that that's not sufficient because otherwise any unwelcome sexual conduct from a police officer would amount to aggravated sexual assault. My question is whether that's a double jeopardy question within the scope of this appeal. Our view is that it is because as a matter of law it wouldn't produce that. It doesn't support the fear that she claims to have had. But in particular, it doesn't support the knowing because he wouldn't know what's going on in her head. She never expresses what her fears or concerns are about that she won't see her babies or whatever. She was hardly in a position to discuss it intelligently. I'm sorry, Judge? She was hardly in a position to discuss it intelligently. Well, the prosecutors prepared her at length and she doesn't explain that she ever said this to Mr. Cates. Mr. Cates never threatened her. He didn't engage in conduct like grabbing the gun so that he would have known he put her in that kind of fear. I'll save the remainder of time for my rebuttal. Thank you. Certainly, Mr. Albee. Ms. Hecker. May it please the Court, Elizabeth Hecker for the United States. Your Honors, issue preclusion prevents the government from relitigating only issues of ultimate fact that necessarily were decided in a previous acquittal. For issue preclusion to apply, a court must be able to say it would have been irrational for the jury in the first trial to acquit without fighting in the defendant's favor on a fact essential to a conviction in the second. And that burden is on the defendant. This standard, which the Supreme Court has said is a demanding one, is not met in this case for two reasons. First, on retrial, the government can argue that Mr. Cates committed aggravated sexual abuse by force when he turned Ms. Lemons around by the neck, bent her over the sake, and held her there while he raped her from behind. The government has never argued that this was a mere light touch. That is the defendant's words. Certainly, someone may grab someone's neck and hold them down by the neck without causing physical pain. It may cause discomfort, for sure, but that's not part of the definition of bodily injury. It does not, however, have to cause physical pain for someone to hold someone down by the neck. Do you think you can, on retrial, do you think you could elicit testimony from the victim here that she was in pain and suffered injury through the holding of her neck? No, Your Honor. We cannot, the prosecutor cannot ask her about pain, most likely, and the jury can also be instructed that they are to assume that she did not suffer bodily injury. That is the issue that's more close. So you can't argue that she suffered pain or injury as evidence that force was used against her? We cannot argue that she suffered bodily injury. It is not certain whether we can argue that, if she were to bring that out by herself, I think probably a jury instruction that the jury is to disregard any evidence of pain would be appropriate. Because that is the only issue here, the existence of bodily issue and issue of pain, that is foreclosed. Do you think that you can pursue a theory that the aggravating circumstances are satisfied by the fact that Cates had a uniform, a badge, and a service weapon and a commanding presence? Your Honor, not by itself, absolutely. The gun, particularly, combined with the uniform and badge, plus everything that Cates did here, demanded oral sex, demanded it again when she did not immediately comply, turned her around, bent her toward the sink, and then demanded vaginal sex. Those things combined would go to a totality of the circumstances assessment. To totality of the circumstances about force? About fear, Your Honor. Fear. Correct. Force has to be actual physical force. There's no doubt about that. That is what this Court said in Boyles. So I'm worried. I don't know if the issue is properly before us, and I'd be interested in your thoughts about that. But I'm worried that if you pursue that theory on a retrial, that you'd be inviting another reversal simply because those facts are going to be present any time there's a 242 violation, right, based on unwelcome sexual activity. Your Honor, we would pursue both the force and the fear theories on retrial. With respect to the fear theory, it would not be our position that the mere presence of a badge, a uniform, or even a gun would rise to the level of aggravated sexual abuse under a fear theory. What we would do is to tell the jury that they have to take those circumstances in combination with everything that Mr. Cates did here. He did not take the gun off. He was very forceful with Ms. Lemons, bent her over the sink, held her there while raping her. I understand your force theory. Certainly. I'm just trying to suggest that your fear theory, based on the fact that he's a police officer, seems to reach awfully broadly. Your Honor, our fear theory would not be based simply because he was a police officer. The reason that force would be relevant to fear as well, because those would be some of the circumstances that would lead Ms. Lemons to fear for her life, for instance. So all of those things combined. It's certainly true, Your Honor, that simply the fact that he is a police officer with a uniform, badge, and gun would not be sufficient to create the fear. It is that combined with his actions and the fact that she is alone. We are presuming there is a violation of her civil rights, right? The jury found there was a violation of her civil rights. And so what's essential to establish the violation of her civil rights can't be the aggravator, can it? No. What establishes the violation of her civil rights is that the act was nonconsensual and was accompanied by coercion, harassment, intimidation, or fear. It now sounds like you are retreating to the very position that we disapproved in the 2255 action when saying that force has to be physical, not psychological. No, Your Honor, force must be physical and not psychological. However, the second part… You just reeled off a whole bunch of psychological considerations. No, Your Honor, that's the 242 claim itself. I would hate to think that we're just setting ourselves up for another reversal. No, Your Honor, the 242 claim itself has those four things, and that's actually in the statute. The aggravator, which increases the penalty to a possibility of life, requires physical force or threats of fear sufficient to cause someone to fear for their life of severe bodily injury or kidnapping. So the 242 claim factors are different from the aggravating factors here. If you run out of things to say, there's always time to quit. Okay. Your Honor, I would just like to make one point on the essentially sufficiency argument that the defendant has brought up. Your Honor, Tateo, Burks, and Loniello, which was a decision of this court, foreclose a remand for procedural purposes from being a double jeopardy argument, essentially. This court only has jurisdiction of this if it is a double jeopardy argument. That is the only reason the defendant was allowed an interlocutory appeal here. Once the court decides there is no double jeopardy argument for a remand based on a procedural issue other than sufficiency of the evidence, then the court cannot decide on sufficiency in that case. If there are no further questions, the government would ask that the court affirm this report. Thank you. Certainly, Ms. Heckert. Mr. Albee, anything further? You have one minute. The definition of force requires physical power. That could have been proved by bodily injury but wasn't, and it might be proven by overcoming resistance, and that's what is missing from this case. When a person goes along with it, as Ms. Lemons repeatedly said she did, I just let him do what he was going to do, then the touching doesn't overcome any will to resist. As the government has it, they would have force be any unwanted touching. It has to be more than that. Bodily injury might be one way to do it. Another would be overcoming resistance, but where there's no resistance and it's a touching that doesn't cause pain, that's not enough. Thank you. Thank you very much. The case is taken under advisement, and the court will be in recess.